# COMMONWEALTH OF MASSACHUSETTS
# NORFOLK COUNTY
## Public Docket Report

### 2482CV00418 Doe, Jane vs. Town of Stoughton et al

**CASE TYPE:** Actions Involving the State/Municipality
**ACTION CODE:** AB1
**DESCRIPTION:** Tortious Action involving the Commonwealth, Municipality, MBTA, etc.
**CASE DISPOSITION DATE:** 06/07/2024
**CASE DISPOSITION:** Transferred to another Court
**CASE JUDGE:**

**FILE DATE:** 04/30/2024
**CASE TRACK:** A - Average
**CASE STATUS:** Closed
**STATUS DATE:** 06/07/2024
**CASE SESSION:** Civil A

**DCM TRACK**

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 07/29/2024 | 06/07/2024 |
| Answer | 08/28/2024 | 06/07/2024 |
| Rule 12/19/20 Served By | 08/28/2024 | 06/07/2024 |
| Rule 12/19/20 Filed By | 09/27/2024 | 06/07/2024 |
| Rule 12/19/20 Heard By | 10/28/2024 | 06/07/2024 |
| Rule 15 Served By | 06/24/2025 | 06/07/2024 |
| Rule 15 Heard By | 07/24/2025 | 06/07/2024 |
| Rule 15 Filed By | 07/24/2025 | 06/07/2024 |
| Discovery | 04/20/2026 | 06/07/2024 |
| Rule 56 Served By | 05/20/2026 | 06/07/2024 |
| Rule 56 Filed By | 06/19/2026 | 06/07/2024 |
| Final Pre-Trial Conference | 10/19/2026 | 06/07/2024 |
| Judgment | 04/30/2027 | 06/07/2024 |

**PARTIES**

| Party | Attorney |
|---|---|
| **Plaintiff**<br>Doe, Jane | **Attorney** 649218<br>Robert A DiTusa<br>Alekman DiTusa, LLC<br>Alekman DiTusa, LLC<br>1550 Main St<br>Suite 401<br>Springfield, MA 01103<br>Work Phone (413) 781-0000<br>Added Date: 04/30/2024<br><br>**Attorney** 684620<br>Laura Mangini<br>Alekman DiTusa, LLC<br>Alekman DiTusa, LLC<br>1550 Main St<br>Suite 401<br>Springfield, MA 01103<br>Work Phone (413) 781-0000<br>Added Date: 04/30/2024 |

# COMMONWEALTH OF MASSACHUSETTS
## NORFOLK COUNTY
### Public Docket Report

| Defendant | Attorney 545191 |
|---|---|
| Miller, Juliette | Douglas I Louison<br>Louison, Costello, Condon and Pfaff, LLP<br>Louison, Costello, Condon and Pfaff, LLP<br>Ten Post Off Square<br>Suite 1330<br>Boston, MA 02109<br>Work Phone (617) 439-0305<br>Added Date: 06/07/2024 |
| **Defendant**<br>Town of Stoughton | **Attorney** 545191<br>Douglas I Louison<br>Louison, Costello, Condon and Pfaff, LLP<br>Louison, Costello, Condon and Pfaff, LLP<br>Ten Post Off Square<br>Suite 1330<br>Boston, MA 02109<br>Work Phone (617) 439-0305<br>Added Date: 06/07/2024 |

**FINANCIAL DETAILS**

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 04/30/2024 | Civil Filing Fee (per Plaintiff) Receipt: 29195 Date: 04/30/2024 | 240.00 | 240.00 | 0.00 | 0.00 |
| 04/30/2024 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 29195 Date: 04/30/2024 | 20.00 | 20.00 | 0.00 | 0.00 |
| 04/30/2024 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 29195 Date: 04/30/2024 | 15.00 | 15.00 | 0.00 | 0.00 |
| 04/30/2024 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 29195 Date: 04/30/2024 | 10.00 | 10.00 | 0.00 | 0.00 |
| | **Total** | **285.00** | **285.00** | **0.00** | **0.00** |

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Public Docket Report**

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|---|---|---|---|
| 04/30/2024 | | Attorney appearance<br>On this date Robert A DiTusa , Esq. added for Plaintiff Jane Doe | |
| 04/30/2024 | | Attorney appearance<br>On this date Laura Mangini, Esq. added for Plaintiff Jane Doe | |
| 04/30/2024 | | Case assigned to:<br>DCM Track A - Average was added on 04/30/2024 | |
| 04/30/2024 | 1 | Original civil complaint filed. (Rec'd 4/19/2024) | |
| 04/30/2024 | 2 | Civil action cover sheet filed.<br><br>. (Rec'd 4/19/2024) | |
| 04/30/2024 | | Demand for jury trial entered. | |
| 04/30/2024 | 3 | Plaintiff Jane Doe's Motion for<br>impoundment pursuant to rule 2 of the uniform rules on impoundment procedure . (Rec'd 4/19/2024) | |
| 04/30/2024 | 4 | Affidavit of Laura D. Mangini, Esq.<br>. (Rec'd 4/19/2024) | |
| 04/30/2024 | | Docket Note: 2 summons were mailed on this date | |
| 05/02/2024 | 5 | EDocument sent: Notice to Appear for Motion Hearing on May 7, 2024 at 3:30P.M. by Zoom on No. 3 - Plaintiff's Motion for Impoundment pursuant to Rule 2 of the Uniform Rules on Impoundment Procedure<br><br>Notice to Appear was generated and sent to:<br>Plaintiff: Laura Mangini, Esq. laura@alekmanditusa.com<br>Plaintiff: Robert A DiTusa , Esq. robert@alekmanditusa.com<br>Sent On: 05/02/2024 11:28:08 | |
| 05/07/2024 | | Event Result:: Motion Hearing scheduled on:<br>05/07/2024 03:30 PM<br>Has been: Held via Video/Phone<br>Comments: Zoom; FTR Room 10 -start time of 3:22:49; Sealed starting at 3;23:21<br>Hon. Joseph Leighton, Presiding | Leighton |
| 05/08/2024 | | Endorsement on Motion for impoundment pursuant to Rule 2 of the Uniform Rules on Impoundment procedure. (#3.0): ALLOWED<br>after impounded hearing. See attached Order. (dated 5/7/2024) ns ni | Leighton |
| 05/08/2024 | | EDocument sent:<br><br>Clerk's Notice (eDoc)<br>Sent On: 05/08/2024 09:34:08<br>Notice Sent To: Robert A DiTusa , Esq. robert@alekmanditusa.com<br>Notice Sent To: Laura Mangini, Esq. laura@alekmanditusa.com | |

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK COUNTY**
**Public Docket Report**

| | | | |
|---|---|---|---|
| 05/08/2024 | 6 | ORDER: FINDING AND ORDER FOR IMPOUNDMENT PURSUANT TO UNIFORM RULES ON IMPOUNDMENT PROCEDURE RULE 2(a) AND RULE 8.<br>(dated 5/7/2024) certified copies sent ni | Leighton |
| 05/08/2024 | 7 | Affidavit of Jane Doe<br>(received 4/29/2024) IMPOUNDED | |
| 05/08/2024 | | One Trial case reviewed by Clerk, case to remain in the Superior Court.<br><br>Judge: Hickey, Mary K | Hickey |
| 06/03/2024 | | Docket Note: Notice of Removal was received and rejected per conversation with Attorney Douglas I. Louison, Esq. law firm due to the certified document from the United States District Court had the incorrect docket number of this court - Will be resubmitting an amended notice of removal with proper docket number | |
| 06/07/2024 | | Attorney appearance<br>On this date Douglas I Louison, Esq. added for Defendant Town of Stoughton | |
| 06/07/2024 | | Attorney appearance<br>On this date Douglas I Louison, Esq. added for Defendant Juliette Miller | |
| 06/07/2024 | 8 | Plaintiff Jane Doe's Notice of removal (Rec'd 6/3/2024) | |
| 06/07/2024 | | Docket Note: Certified copies of entire case except (p#7) due to impoundment order were sent to Attorney Louison | |
| 06/07/2024 | | Case transferred to another court. | |

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE.

Deputy Assistant Clerk

6/7/24

4/30/24

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

2024 APR 29 PM 12:51

SUPERIOR COURT DEPARTMENT
CIVIL ACTION: 2482CV00418

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff | ) |
| vs. | ) |
| | ) |
| TOWN OF STOUGHTON & JULIETTE MILLER | ) |
| Defendant | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is a Complaint for Compensatory Damages for Jane Doe a former student at Stoughton High School. This Complaint is based on violations of Title IX of the Education Amendments of 1972, 42 U.S.C. §1983, as well as pendant state common law statutory claims. These claims are the result of the Town of Stoughton's failure to protect Jane Doe, along with its negligent mishandling of the aftermath of Jane Doe's rape by fellow student, B.Z, including the pervasive bullying and harassment Jane Doe suffered during school hours by B.Z., his friends, and fellow teammates.

### PARTIES

1. The Plaintiff, Jane Doe, is an individual residing in Stoughton, Commonwealth of Massachusetts. At all times relevant hereto, Jane Doe was a student at the Stoughton Public Schools.

2. Defendant, Town of Stoughton ("Stoughton"), is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts, located in Norfolk County, Commonwealth of Massachusetts. Stoughton is responsible for the administration of the Stoughton Public School System, including Stoughton High School.

3. At all times relevant hereto, Defendant, Juliette Miller ("Miller"), was hired by Defendant, Stoughton, as the principal of Stoughton High School.

## FACTS COMMON TO ALL COUNTS

4. At all times material hereto, the Defendant, Town of Stoughton, operated a public school known as Stoughton High School, in Stoughton, Norfolk County, Commonwealth of Massachusetts.

5. Stoughton employed all school staff, faculty, counselors, and principals.

6. At all times relevant hereto, Stoughton's employees, including, and without limitation, Principal Juliette Miller, were acting under the color of state law, under color of their authority as members of the Stoughton Public Schools, and within the scope of their employment with the Town of Stoughton.

7. At all times relevant hereto, Plaintiff, Jane Doe, was a minor student within the Stoughton Public School System, including at O'Donnell Middle School and Stoughton High School.

8. Defendant, Town of Stoughton, has a legal duty to assure the safety of its students, including Jane Doe.

9. One of the ways that Stoughton ensured the safety of its students, including Jane Doe, was through the implementation of disciplinary rules and anti-bullying and harassment policies.

10. At all times material hereto, Stough was "committed to providing a safe and secure learning environment for all of its students and employees regardless of race, color, religion, age, ethnicity, national origin, gender, gender identity or expression, sexual orientation, disability, limited English proficiency, pregnancy, or pregnancy related condition, or homelessness."[1]

11. At all times material hereto, Stoughton Public Schools were subject to the direction, control, and supervision of the Defendant, Town of Stoughton's School Committee, which was authorized by law to adopt and implement, and which did adopt and implement policies, procedures, rules, and regulations to govern the sage and efficient operation of the Town's public schools for the purpose of safely and properly educating the Town's minor public school student population.

12. At all times material hereto, the Town's School Committee promulgated policies and procedures which were in effect before and at the time of the repeated bullying, sexual discrimination, harassment, and abuse of Jane Doe, as described below.

13. According to the Town, the "Stoughton Public Schools will act to investigate all complaints, either formal or informal, verbal or written, of sexual or bias-related harassment or violations of civil rights and to take appropriate action against any

[1] SPS_Civil_Rights_Represenatives_-_Guidelines_-_28OCT21.pdf

pupil, teacher, administrator, or other school personnel who is found to have violated this policy."[2]

14. At all times material hereto, and according to the Town's policies and procedures, Defendant, Miller, in her role as the Stoughton High School Civil Rights Representative, was responsible for: (1) receiving reports of civil rights violations (including sexual harassment and bullying) from students, faculty, and other administrators; (2) responding promptly to reports of civil rights violations by intervening if possible, ensuring that students and faculty are safe and free from discrimination/harassment, and by starting an investigation; (3) putting a stop to ongoing discrimination/harassment immediately and effectively, and refer victim to support services and resources available in the area; (4) taking remedial, corrective, and disciplinary action as the circumstances established by the investigation, school policies, handbooks, etc., warrant; (5) taking steps to avert retaliation against students or faculty members who report civil rights violations, and act immediately to ensure student or faculty are safe and free from subsequent harassment. [3]

15. At all times material hereto, and according to the Town of Stoughton, policies and procedures, "bullying" is defined as a repeated pattern of behavior directed at a victim that results in any of the following: (a) physical or emotional harm or reasonable fear of harm; (b) damage to personal property; (c) hostile environment at school for the victim; or (d) disruption of the education process or orderly operation of a school." [4]

16. Stoughton required its schools to implement procedure for investigation and responding to reports of bullying, and to require, in some instances, training for teachers, staff, and students, about bullying prevention.

17. Stoughton defines harassment as any situation in which a "student's or an adult's behavior or inappropriate language creates a hostile, offensive, or intimidating school environment. A single incident may constitute illegal harassment."[5][6]

18. A hostile, offensive, or intimidating school environment may be created by: (a) degrading, demeaning, insulting, or abusive verbal statements, or writings of a sexual or racial nature, or related to a student's race, color, religion, national origin, ethnicity, gender, gender identity, sexual orientation, or disability; (b) visual displays which contain racial, ethnic, or religious slurs or insults based on the student's gender, gender identity, sexual orientation, or disability; (c)

[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*

treatment of a student in a more or less favorable way because the student submitted to or rejected sexual advances; and (d) unwelcome sexual advances. [7]

19. At all times material hereto, Defendant, Town of Stoughton, received federal funds through a variety of educational programs.

20. At all times material hereto, Stoughton was subject to the requirements of Title IX of the Education Amendments of 1972, which prohibits discrimination, exclusion from participation, and denial of benefits in educational programs based on sex.

**The Rape of Jane Doe and Defendants' Subsequent "Investigation"**

21. In May of 2019, Jane Doe was a 13-year-old seventh grade student in O'Donnell Middle School. B.Z. was a 14-year-old seventh grade student at O'Donnell Middle School.

22. In May of 2019, Jane Doe and B.Z. were in a dating relationship.

23. In May of 2019, Jane Doe and B.Z. were baby-sitting Jane Doe's nieces and nephews. B.Z. brought Jane Doe into a bedroom and forcibly raped her.

24. After raping her, B.Z. told Jane Doe that this would "be their secret' and not to tell anyone.

25. After the rape, B.Z. threatened to kill himself if Jane Doe broke up with him.

26. Jane Doe ended the relationship in June of 2019.

27. In November of 2019, Jane Doe and B.Z. were eighth-grade students at O'Donnell Middle School.

28. Assistant Principal Hallie Burak became aware that a number of male students were threatening to beat B.Z. up after they learned that he had forced Jane Doe to have sex with him the year prior.

29. Assistant Principal Burak notified Stoughton Police Department School Resource Officer Sheanna Isabel.

30. SRO Isabel forwarded her investigative report to the Stoughton District Attorney's Office and filed a 51A with the Department of Children and Families ("DCF").

31. At no point in time following the allegations that B.Z. forcibly raped Jane Doe, did anyone from the school provide Doe with information regarding her options under

[7] *Id.*

Title IX; offer support, resources, or safety measures to Doe to ensure she was able to properly deal with the after-effects of the rape or gender discrimination; conduct any sort of investigation into Jane Doe's allegations of gender discrimination; and/or provide any remedial measures or policy changes to prevent future similar gender discrimination.

32. Instead, the school forced Jane Doe to remain in the guidance office at all times during school hours, including lunch. Jane Doe was unable to leave the office unescorted.

33. The school did not discipline B.Z. Instead, B.Z. was able to remain in all of his classes with his friends, and participate in all extracurricular activities.

34. Over the next two years, Jane Doe was subjected to pervasive bullying and sexual harassment during and after school hours, by B.Z., his friends, and baseball teammates.

35. Students called Jane Doe a "whore," "slut", and a "liar." Students would tell Jane that she "wanted it" and would ask if they could "get a piece of her."

36. Students would send Jane Doe "Tik Tok" videos stating "sex that you didn't want isn't rape."

37. Students would make fake social media accounts saying "[b]loves[jane doe]" and other similar names referencing B.Z. and Jane, and join Jane Doe's live events.

38. B.Z.'s baseball teammates would send Jane Doe pictures of their genitalia.

39. On September 2, 2021, Jane Doe began her sophomore year at Stoughton High School. B.Z. was also a sophomore at Stoughton High School.

40. Despite Defendants knowing about the allegations that B.Z. forcibly raped Jane Doe, Jane Doe and B.Z. were placed in the same homeroom, art class, and lunch period.

41. On at least one occasion, upon entering homeroom, Jane Doe found B.Z. sitting in her assigned seat in order to taunt her.

42. Jane left class and called her parents. After Jane's parents called the school, the school changed Jane's schedule, not B.Z.'s schedule. However, despite the schedule change, B.Z. and Jane Doe still shared the same lunch period.

43. That same month, B.Z. was charged with four (4) felonies related to the rape of Jane Doe: one (1) count rape of a child with force; two (2) counts indecent assault and battery on a child under the age of 14, and one (1) count of intimidation of a witness.

44. Defendant, Miller, refused to comply with G.L. c. 71 §37H ½, which permits a principal to suspend a student who has been charged with a felony, despite the fact that B.Z.'s continued presence at Stoughton High School created a substantial detrimental effect on the welfare of the school, including but not limited to, Jane Doe.

45. It has been an unwritten policy and custom of Defendant, Town of Stoughton, to refuse to suspend students who have been charged with felonies involving sexual assault, as detailed by the Town's actions in the matter of *Jane Doe v. Town of Stoughton, et al,* Norfolk Superior Court Civil Action No., 11-01801.

46. Defendant, Juliette Miller, as principal of Stoughton High School, has a practice and custom of refusing to properly investigate, and punish, those responsible for sexual abuse and assault within Stoughton Public High School, as detailed by Miller's actions in the matter of *Jane Doe v. Town of Stoughton et al,* Norfolk Superior Court Civil Action No. 17-1449.

47. Defendants did not implement, nor did they direct any other employee of Stoughton Public Schools, to implement remedial measures or policy changes to prevent future sexual harassment.

48. Over the past seventeen (17) years, Defendant, Town of Stoughton, through its employees, tolerated, and indeed promoted by the inactivity of its employees, an atmosphere of fear and harassment in Stoughton High School.

49. Defendants, Town of Stoughton's employees, including Defendant, Miller, turned a blind eye to the actions of students at Stoughton High School, and were deliberately indifferent to the sexual harassment and bullying Jane Doe was subjected to while a student at Stoughton High School.

50. Jane Doe continued to be subjected to pervasive bullying and sexual harassment, including being called a "whore," "slut", and a "liar."

51. Jane Doe repeatedly reported the harassment and bullying to Stoughton Public High School officials.

52. Although Defendant, Juliette Miller, was the Civil Rights Representative, she refused to engage with Jane Doe and her parents, and instead instructed Assistant Principal Michael O'Neil to deal with Jane and her parents.

53. Defendant's refusal to engage with Jane and her family was a dereliction of Defendant, Miller's obligations and responsibilities as the Civil Rights Representative.

54. Whenever Jane Doe reported the instances of bullying and sexual harassment to Assistant Principal O'Neil, he would tell her "to let it go" and to "be the bigger person."

55. At no time did Assistant Principal O'Neil provide Doe with information regarding her options under Title IX; offer support, resources, or safety measures to Doe to ensure she was able to properly deal with the after-effects of gender discrimination; conduct any sort of investigation into Jane Doe's allegations of gender discrimination; and/or provide any remedial measures or policy changes to prevent future similar gender discrimination.

56. Despite Defendants' assertion that the school district took all concerns seriously, Defendants never spoke with Jane Doe to investigate the allegations of sexual assault.

57. Despite Defendants' assertions that the school district took all concerns seriously, Defendants never directed any other employee of Stoughton School to speak with Jane Doe about her allegations of sexual assault.

58. Despite Defendants' assertions that the school district took all concerns seriously, Defendants did not offer, or direct any other employee to offer, Doe with (1) information regarding her options under Title IX; or (2) support, resources or safety measures to help her cope with the aftermath of the sexual assault.

59. The harassment and bullying of Jane Doe continued throughout her junior year, unabated, because no steps were taken by anyone of Defendant, Town of Stoughton's employees, including Defendant, Miller, to stop it. The only reason that harassment and bullying stopped was because B.Z.'s friends graduated from this high school.

60. None of the students were ever disciplined for the sexual harassment and bullying of Jane Doe.

61. Had Defendants, Town of Stoughton or Miller, taken measures to discipline or cease the sexual harassment and bullying of Jane Doe, she would not have endured the pervasive harassment by fellow students at Stoughton High School.

62. As a result, of Defendant's Miller refusal to suspend B.Z., Jane Doe was forced to go to school with and see her rapist on a daily basis, and continued to be subjected to severe and pervasive sexual harassment and bullying.

63. In December of 2021, Jane Doe's mother met with Defendant, Miller, and the Town's lawyer, to discuss Miller's decision to allow B.Z. to remain in school despite being charged with three (3) felonies related to the forcible rape of another student.

64. Defendant, Miller, told Jane Doe's mother that, although they were verbally told by the Stoughton Police Department that B.Z. had been charged, she had not received any official paperwork, and therefore, B.Z. was allowed to remain in school.

65. Upon information and belief, despite knowing through verbal communications that B.Z. had been charged, Defendant, Miller, never requested the Police Department forward her the written paperwork.

66. Miller's refusal to conduct any type of investigation is further evidence of her practice and policy to allow those responsible for sexual abuse and assault of students to remain at Stoughton Public High School.

67. In response to Miller's decision not to remove B.Z., Jane Doe's mother informed Miller she would be reporting the school's decision to the local media.

68. Miller then spoke with the Stoughton Police Chief, and requested he speak with Jane's mother.

69. In speaking with Jane's mother, the Police Chief recommend Jane Doe, not B.Z., be removed from school.

70. B.Z. voluntarily chose not to physically return to the school campus after the holiday break.

71. Although B.Z. left Stoughton High School after December 31, 2021, he was still active in school "google meets," and Doe was still forced to see her rapist on multiple occasions.

72. On September 13, 2022, B.Z was convicted of one (1) count rape of a child with force; two (2) counts indecent assault and battery on a child under the age of 14.

73. Despite the conviction, Jane Doe continued to experience sexual harassment and bullying.

74. Despite the conviction, Jane Doe continued to be retaliated against by other students, including B.Z.'s girlfriend, K.O.

75. K.O. filed multiple false reports of bullying against Jane Doe, to both the school and the Stoughton Police Department in an attempt to intimidate Jessica from testifying.

76. K.O.'s harassment of Jane Doe only stopped once K.O. and B.Z. broke up.

77. Jane Doe continued to report the incidents of sexual harassment and bullying to Assistant Principal O'Neil, as well as other teachers in the high school.

78. At no time did Assistant Principal O'Neil, or any other employees of the Town of Stoughton, provide Doe with information regarding her options under Title IX; offer support, resources, or safety measures to Doe to ensure she was able to properly deal with the after-effects of gender discrimination; conduct any sort of investigation into Jane Doe's allegations of gender discrimination; and/or provide any remedial measures or policy changes to prevent future similar gender discrimination.

79. As a result of the incidents described above, Jane Doe experienced anxiety, depression, post-traumatic stress disorder ("PTSD"), nightmares, nausea, nail biting, anxiety, self-harm, and hot flashes with associated periods of extreme sweating.

80. As a result of the incidents described above, Jane Doe also experienced a loss of educational opportunities and benefits.

**COUNT I**
**Jane Doe v. Town of Stoughton**
***Negligence***

81. Plaintiff restates and realleges the assertions contained in paragraphs 1-80 of this Complaint, and incorporate them by reference herein.

82. Defendant, Defendant, Town of Stoughton, has a non-delegable duty to assure the safety of its students.

83. Defendant, Town of Stoughton, breached its non-delegable duty by committing the following negligent acts or omissions including, but not limited to:

    a. Negligently failing to provide a safe environment for students entrusted to its care;

    b. Negligently failing to supervise its students;

    c. Negligently failing to enforce its bullying and harassment policies;

    d. Negligently failing to suspend or expel B.Z. after he was charged with multiple felonies related to the rape of Jane Doe;

    e. Refusing to investigate the bullying and sexual harassment of Jane Doe by other students, despite its obligations to do so;

    f. Negligently investigating the allegations of bullying and sexual harassment of Jane Doe, which allowed students to continue to harass Jane Doe; and

g. Such other negligent and improper actions as may be discovered in the further investigation and pre-trial discovery of this claim.

84. As a direct result of the aforementioned negligence, the Plaintiff, Jane Doe, sustained physical and emotional injuries.

85. The Plaintiff has fulfilled all conditions precedent to the bringing of this cause of action.

86. On September 18, 2023, the Plaintiff made a timely written demand for relief upon the Defendant, Town of Stoughton, in accordance with M.G.L. c. 258 §4. A copy of said demand is attached hereto as Exhibit A.

WHEREFORE, the Plaintiff, Jane Doe, prays for judgment against the Defendant, Town of Stoughton, in a reasonable amount, together with interest, costs, expert witness fees, attorneys fees, and such other and further relief as the Court may deem just and proper.

**COUNT II**
**Jane Doe v. Town of Stoughton**
***Negligent Infliction of Emotional Distress***

87. Plaintiff restate and reallege the assertions contained in Paragraphs 1-86 of this Complaint, and incorporate them by reference herein.

88. As a result of Defendant, Town of Stoughton's negligence, the Plaintiff suffered emotional distress and suffered from physical manifestation of the same, including but not limited to: nightmares, nausea, nail biting, self-harm, and hot flashes with associated periods of extreme sweating

89. A reasonable person would have suffered emotional distress under the circumstances in which the Plaintiff suffered emotional distress.

WHEREFORE, the Plaintiff, Jane Doe, prays for judgment against the Defendant, Town of Stoughton, in a reasonable amount, together with interest, costs, expert witness fees, attorneys fees, and such other and further relief as the Court may deem just and proper.

**COUNT III**
**Jane Doe v. Town of Stoughton**
***Violation of 42 U.S.C. §1983 & 14th Amendment***

90. Plaintiff restates and realleges the assertions contained in Paragraphs 1-89 of this Complaint, and incorporate them by reference herein.

91. The Defendant, Stoughton, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the minor Plaintiff, to wit:

   a. Failing to implement policies and procedures to prevent sexual and gender discrimination, harassment, and bullying within its public schools, including Stoughton High School;

   b. Failing to train its employees to properly investigate allegations of sexual discrimination, harassment, and bullying of students within the public school district, including Stoughton High School.

92. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of Defendant, Town of Stoughton, and were the cause of a violation of Jane Doe's rights alleged herein.

93. Defendant, Town of Stoughton, had actual notice that its policies violated Jane Doe's rights, has it had been sued on at least two separate occasions for the same violations of its policies and procedures. *See Doe v. Stoughton, et al.,* Civil Action No. 11-01801 and *Doe v. Stoughton et al,* Civil Action No. 17-1449.

94. The conduct of Defendant shocks the consciousness, is arbitrary and caprice.

95. Defendant, Town of Stoughton, directly or indirectly, approved or ratified the unlawful and deliberate conduct of its own employees.

96. As a direct and proximate cause of Defendant's actions, the Plaintiff suffered physical and emotional injuries and experienced a loss in her education.

WHEREFORE, the Plaintiff, Jane Doe, prays for judgment against the Defendant, Town of Stoughton, in a reasonable amount, together with interest, costs, expert witness fees, attorneys fees, and such other and further relief as the Court may deem just and proper.

**COUNT IV**

**Jane Doe v. Town of Stoughton**

***Violation of Title IX of the Education Amendments of 1972.***

97. Plaintiff, repeats and realleges Paragraphs 1 through 96 of this Complaint and incorporates them by reference herein.

98. Title IX of Education Amendments of 1972 provides: "No person in the United States, shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

99. Defendant, Town of Stoughton, is a municipality in the Commonwealth of Massachusetts. On information and belief, the Town of Stoughton receives federal funding from the Department of Education and other federal agencies. As a recipient of federal financial assistance, the Town of Stoughton is required to conduct its activities in a non-discriminatory manner pursuant to Title IX of the Education Amendments of 1972

100. Defendant, Town of Stoughton's failure to investigate sexual discrimination, harassment, and bullying among its public schools, including Stoughton High School discriminates against individuals based on sex, as described in this Complaint.

101. Defendant has acted with discriminatory intent or purpose in failing to investigate and prevent allegations of sexual discrimination, harassment, and bullying.

102. The Defendant's unlawful discrimination in violation of Title IX of the Education Amendments of 1972, has caused the Plaintiff, Jane Doe, physical and emotional harm, and loss of educational opportunities and benefits.

103. Defendant, Town of Stoughton, has known for over fifteen (15) years, that it is financially accountable for any and all damages, including emotional distress damages, an individual suffers as a result of the Town's violation of Title IX, as evidenced by the settlements in *Doe v. Stoughton, et al.,* Civil Action No. 11-01801 and *Doe v. Stoughton et al,* Civil Action No. 17-1449.

WHEREFORE, the Plaintiff, Jane Doe, prays for judgment against the Defendant, Town of Stoughton, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

**COUNT V**

**Jane Doe v. Juliette Miller**

***Violation of 42 U.S.C. §1983 & 14th Amendment***

104. The Plaintiff restates and realleges the assertions contained in Paragraphs 1-103 of this Complaint, and incorporate them by reference herein.

105. At all times relevant hereto, Defendant Juliette Miller, was acting under the color of state law.

106. Acting under color of law and pursuant to official policy and custom, Defendant, Juliette Miller, intentionally and deliberately disregarded the constitutional rights of the Plaintiff, by:

a. Failing to implement policies and procedures to prevent sexual discrimination, harassment, and bullying within its public schools, including Stoughton Public High School;

b. Failing to train her employees to properly investigate allegations of sexual discrimination, harassment, and bullying of students within the public school district, including Stoughton Public High School;

c. Responding with deliberate indifference and disregard to allegations of sex-based harassment and discrimination on Stoughton Public High School grounds;

d. Implementing policies and procedures which left Jane Doe unable to fully and freely communicate to teachers, administrators and amongst her peers while at school due to fear of physical, verbal, and psychological attacks, to wit: Defendant's policy to not investigate allegations of sexual harassment and bullying, and instead turn a blind eye to the complaints;

107. The above-described policies and customs demonstrated a deliberate indifference on the part of Defendant, Juliette Miller, and were the cause of a violation of Plaintiff's rights alleged herein.

108. Upon information and belief, the above-described policies and customs disproportionately affected female students, including the Plaintiff.

109. The conduct of Defendant shocks the consciousness, is arbitrary and caprice.

110. Defendant, Juliette Miller, directly or indirectly, approved or ratified the unlawful and deliberate conduct of her employees.

111. As a direct and proximate cause of Defendant, Juliette Miller's policies, the Plaintiff suffered physical and emotional injuries.

WHEREFORE, the Plaintiff, Jane Doe prays for judgment against the Defendant, Juliette Miller, in a reasonable amount, together with interest, costs, expert witness fees, attorneys' fees, and such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Dated: 4/24/24

Respectfully submitted,
The Plaintiff,

Robert A. DiTusa, Esq. (BBO # 649218)
Alekman DiTusa, LLC
1550 Main Street, Suite 401
Springfield, MA 01103
Tel. (413) 781-0000
Fax (413) 827-0266
robert@alekmanditusa.com

Laura D. Mangini, Esq. (BBO#684620)
Alekman DiTusa, LLC
1550 Main Street, Suite 401
Springfield, MA 01103
Tel. (413) 781-0000
Fax (413) 827-0266
laura@alekmanditusa.com

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE.
Deputy Assistant Clerk
6/7/24

# Exhibit A

Ryan E. Alekman, Esq., Partner*
Robert A. DiTusa, Esq., Partner◇
Laura D. Mangini, Esq., Partner*
PH: 413.781.0000
FX: 413.827.0266

ALEKMAN DITUSA
Attorneys At Law

Matthew Montano, Esq.
Joseph T. Ristau, Esq.◇
Carmen L. Durso, Esq., of Counsel
Also licensed in; *Connecticut;
◇New York
www.alekmanditusa.com

**CERTIFIED MAIL R.R.R.# 7022 3330 0000 3868 1639**

**MASS. GEN. LAWS CHAPTER 258 § 4 NOTICE**

September 18, 2023

Thomas J. Calter, Town Manager
10 Pearl Street,
Stoughton, MA 02072

RE: S[redacted] W[redacted], as mother and next of friend of Jane Doe,

Dear Mr. Calter:

Please be advised that this office represents S[redacted] W[redacted], as mother and guardian of her minor daughter, Jane Doe , (date of birth February 17, 2006), with regard to the physical and emotional injuries suffered as a result of Stoughton High School's handling of her rape by fellow student, B[redacted] Z[redacted] . This letter is intended to put the Town of Stoughton on notice of Ms. Williams' claims, pursuant to G.L. c. 258, §4.

**Background**

In May of 2019, Jane Doe , who was then 13 years old, was raped and sexually assaulted by a fellow student, B[redacted] Z[redacted]a. In November of 2019, Assistant Principal of O'Donnell Middle School, Hallie Burak, notified Stoughton Police Department that a number of middle and high school boys were threatening to beat B[redacted] up because he forced Jane to have sex with him. Jane confirmed that B[redacted] had forced her to have sex with him the prior school year.

Over the next two years, Jane was subjected to continuous bullying and sexual harassment during school hours by B[redacted], his friends, and baseball teammates.

On September 2, 2021, Jane began her sophomore year at Stoughton High School. B[redacted] Z[redacted] was also a student at the school. Despite knowing the allegations that Jane was forcible raped by B[redacted] two years prior, Jane and B[redacted] shared the same homeroom, art class, and lunch period. Upon entering homeroom, Jane saw B[redacted] sitting in her assigned seat, taunting her. Jane left class and called her parents. After Jane's parents contacted the school, the school changed Jane schedule, not B[redacted]'s. However, even despite the schedule change, B[redacted] and Jane still shared the same lunch period.

Later that month, B[redacted] was charged with one (1) count rape of a child with force and two (2) counts of indecent assault and battery on a child under the age of 14. It should be noted that all three charges are considered felony charges within the Commonwealth of

Massachusetts. Despite this, Stoughton High School Principal Juliette Miller failed to comply with internal policies and procedures, as well her moral obligations, to ensure the safety of all students. Specifically, Massachusetts General Laws c. 71, §37H ½, permits a principal to suspend a student who has been charged with a felony. Moreover, neither Ms. Miller, nor any other agent of the Town of Stoughton, conducted any investigation into Jane's allegations, as required under Title IX of the Education Amendments of 1972. Neither Ms. Miller, nor any other agent of the Town of Stoughton, implemented a safety plan to protect Jane from her rapist.

As a result of Ms. Miller's decisions, Jane was forced to face her rapist on a daily basis while at school, including during homeroom and at lunch. Jane was also subjected to sexual harassment from other students, who called her a "whore," "slut", and "liar." Students would tell Jane that she "wanted it" and would ask if the could "get a piece of her." B[redacted]'s baseball team members would send Jane pictures of their genitals. B[redacted]'s girlfriend began to file false bullying reports and police reports in an attempt to intimidate Jane from testifying.

B[redacted] was finally suspended over a year later, in December of 2022, after he was convicted of raping Jane. Even after the suspension, Jane was still subjected to sexual harassment and bulling by her peers. To date, Jane continues to experience emotional distress, including but not limited to increased anxiety, nightmares, nausea, difficultly sleeping, nail biting, self-harm, and hot flashes with associated periods of extreme sweating.

**Liability**

It is Plaintiff's position the Town of Stoughton is liable under theories of negligence, negligent infliction of emotional distress, violation of Title IX, and violation of 42 U.S.C. §1983. I would also point out that this is not the only time legal action has been instituted against the Town of Stoughton for violations of Title IX, which further demonstrates its deliberate indifference to gender discrimination within the school district.

**Demand**

In light of the physical and emotional injuries suffered by my client, demand is hereby made in the amount of Five Hundred Thousand Dollars ($500,000.00). This notice is being sent pursuant to Massachusetts General Laws Chapter 258 Section 4. If a response is not made within six months from the date of this letter, I will file the appropriate civil complaint on behalf of my client.

Please contact me upon receipt of this letter so that we may discuss this matter.

Very truly yours,

Laura D. Mangini, Esq.

LDM/

Save as PDF | Reset Form

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 24cv918 | Massachusetts Trial Court Superior Court |
|---|---|---|
| Help-Party Information | | COUNTY Norfolk Superior Court (Dedham) |

| | |
|---|---|
| **Plaintiff** Jane Doe | **Defendant:** Town of Stoughton |
| ADDRESS: Stoughton, MA | ADDRESS: 10 Pearl Street, Stoughton, MA 02072 |
| **Plaintiff Attorney:** Laura D. Mangini, Esq. | **Defendant:** Juliette Miller |
| ADDRESS: 1550 Main Street, Suite 401 | ADDRESS: 178 Broadway |
| Springfield, MA 01103 | North Attleboro, MA |
| BBO: 684620 | |

Add Parties | Remove Parties

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | Tortious Action Involving Municipality | A | ◉ YES ○ NO |

***If "Other" please describe:**

**Is there a claim under G.L. c. 93A?** ○ YES ◉ NO

**Is there a class action under Mass. R. Civ. P. 23?** ○ YES ◉ NO

RECEIVED 4/30/24 FILED

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below) Unknown

Counseling expenses

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses Unknown

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below) $1,500,000.00

Pain and Suffering, Loss of Educational Opportunities

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE
Deputy Assistant Clerk 6/7/24

TOTAL (A-F): $1,500,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Physical and Emotional Injuries requiring counseling; loss of educational benefits and opportunities.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Add Claim | Delete Claim

Signature of Attorney/Self-Represented Plaintiff: X Date: 4/24/24

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

4/24/24

4/31/24

FILED
CLERK OF THE COURTS
NORFOLK COUNTY

4/30/24

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
C.A. No. 2482cv00418

JANE DOE
Plaintiff

v.

TOWN OF STOUGHTON & JULIETTE MILLER
Defendants

5/7/2024 Allowed after impounded hearing. See attached Order.
Leighton, J.

**PLAINTIFF JANE DOE'S MOTION FOR IMPOUNDMENT PURSUANT TO RULE 2 OF THE UNIFORM RULES ON IMPOUNDMENT PROCEDURE**

NOW COMES the Plaintiff, by her counsel, and moves this Court for an order permanently impounding Plaintiff's Affidavit of True Name (titled "Affidavit of Jane Doe"). Plaintiff brings this instant action as a victim of sexual assault while she was a minor. Impoundment of this Affidavit is necessary to protect Plaintiff's identity. If Plaintiff's true identity was provided in the Complaint, other individuals would be able to learn she was a victim of sexual abuse. Alternatives to permanent impoundment are not available because if this Affidavit becomes public record, it will become public record that Jane Doe is a victim of child sexual abuse. Plaintiff offers the accompanying URIP Rule 2(a)(2) Affidavit in support and encloses proposed findings and order pursuant to URIP Rule 2(a)(1) and Rule 8.

4/22/24

By her Attorney,

Laura D. Mangini, Esq.
BBO # 684620
Alekman DiTusa, LLC
1550 Main Street, Suite 401
Springfield, MA 01103
413-781-0000
413-827-0266 FAX
Laura@alekmanditusa.com

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

Deputy Assistant Clerk
6/7/24

4

4/30/24

RECEIVED & FILED
COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS APR 29 PM 12:52 SUPERIOR COURT DEPARTMENT
C.A. No. 2482CV00418

JANE DOE )
Plaintiff )
)
v. )
)
TOWN OF STOUGHTON & JULIETTE MILLER )
)
Defendants )

**AFFIDAVIT OF LAURA D. MANGINI, ESQ.**

1. I am Laura D. Mangini, attorney for the plaintiff in the above-entitled action.

2. This Affidavit is drafted pursuant to Rule 2(a)(2) of the Uniform Rules on Impoundment Procedure for the purpose of obtaining an Impoundment Order.

3. Plaintiff retained me to represent her in a suit against Defendants Town of Stoughton and Juliette Miller, alleging, among other things, violations of Title IX of the Education Amendments of 1972, violations of 42 U.S.C. §1983, negligence, and negligent infliction of emotional distress

4. All of the claims in this action arise out of the sexual harassment and discrimination Plaintiff experienced as a minor, after she was raped by a fellow classmate.

5. Pleadings previously filed in this case describe with particularity the nature of the abuse.

6. Based on the nature of Plaintiff's claims, future pleadings and testimony in this case will include similar information about the sexual abuse inflicted upon the Plaintiff while she was a minor.

7. If any documents in this case are filed using Plaintiff's legal name, the fact that Plaintiff, as a minor, was a victim of child sexual abuse will become public record.

8. As a sexual abuse victim, Jane Doe, "carries the unacceptable risk that she will be re-victimized by the possible stigma associated with the allegations that she was sexually abused." *Globe Newspaper Co. v. Clerk of Middlesex County Superior Court*, No. CA2001-5302-C, 2002 Mass. Super. LEXIS 67, at *5-6 (Mass. Super. Ct. Mar. 5, 2002) (Gants, J.).

9. Prior to filing suit, Plaintiff executed an affidavit with her identifying information ("Affidavit of Jane Doe").

10. I retained the original in Plaintiff's file.

11. The Affidavit of Jane Doe will be served on Defendants so that they are aware of Plaintiff's identity, and would not be prejudiced if the Court granted the Impoundment Motion.

Signed under the pains and penalties of perjury April 12, 2024.

Laura D. Mangini, ESQ.

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE.
Deputy Assistant Clerk
6/7/24

5

| NOTICE TO APPEAR FOR MOTION HEARING | DOCKET NUMBER 2482CV00418 | Massachusetts Trial Court The Superior Court Department |
|---|---|---|
| CASE NAME Doe, Jane vs. Town of Stoughton et al | | Walter F. Timilty, Clerk of Courts Norfolk County |
| TO: File Copy | | COURT NAME AND ADDRESS Norfolk County Superior Court 650 High Street Dedham, MA 02026 |

The Court will hear the following event: **MOTION HEARING**

Counsel should appear as follows: **Date: 05/07/2024**

**Time: 03:30 PM**

**Event Type: Virtual**

**Session/ Courtroom Location:**

*The QR Code below can be used with a cell phone QR Code scanner to open the Zoom meeting from a cell phone.*

**Zoom Conference Call Details**
**Meeting ID: 160 489 5466**
**Meeting URL: https://www.zoomgov.com/j/1604895466**

**Further Orders of the Court.**

Hearing on No. 3 Plaintiff's Motion for Impoundment pursuant to Rule 2 of the Uniform Rules on Impoundment Procedure

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE
Deputy Assistant Clerk
6/7/24

| DATE ISSUED | ASSOCIATE JUSTICE | |
|---|---|---|
| 5/2/24 | Hon. Joseph Leighton | |

6.0

Doc 5/7/24

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
5/8/24

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT DEPARTMENT
C.A. No. 24cv418

JANE DOE,
Plaintiff

v.

TOWN OF STOUGHTON & JULIETTE MILLER
Defendants

**~~PROPOSED~~ FINDINGS AND ORDER FOR IMPOUNDMENT PURSUANT TO UNIFORM RULES ON IMPOUNDMENT PROCEDURE RULE 2(a)(1) AND RULE 8.**

This Court finds good cause for impoundment because revealing the true identity of the Plaintiff carries with it the unacceptable risk that the Plaintiff with be re-victimized by the stigma associated with allegations of child sexual abuse. It is ordered that the Affidavit of True Name (titled "Affidavit of Jane Doe") be impounded on this date, 5/7/2024, and shall remain impounded indefinitely. The Clerk shall clearly mark and keep separate and unavailable for public inspection the Affidavit of Jane Doe.

Date: 5/7/2024

Judge (Leighton, J.)

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE
Deputy Assistant Clerk
6/7/24

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-11316

Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts
By: Deputy Clerk
Date: 6/3/2024

JANE DOE,
Plaintiff

v.

TOWN OF STOUGHTON & JULIETTE MILLER,
Defendants

**NOTICE OF CORRECTION TO NOTICE OF REMOVAL**

Please note that within the Notice of Removal (Docket #1), the Civil Action Number of the Norfolk Superior Court was listed incorrectly.

Please be advised that the correct Civil Action Number is 2482CV00418. This Civil Action Number is correctly reflected in the attached copy of the Plaintiff's Complaint originally accepted by the Norfolk Superior Court on April 29, 2024. The previously provided Summons and Complaint incorrectly states the Civil Action Number and should be disregarded.

Defendants,

By their attorney,

*/s/ Douglas I. Louison*

Douglas I. Louison, Esquire (BBO #545191)
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
(617) 439-0305
dlouison@lccplaw.com

Date: May 22, 2024



I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE
Deputy Assistant Clerk
6/7/24

**CERTIFICATE OF SERVICE**

I, hereby certify that on the 22nd day of May 2024, the foregoing document was served via email to the following:

Robert A. DiTusa, Esquire
robert@alckmanditusa.com
Laura Mangini, Esquire
laura@alckmanditusa.com
Alckman DiTusa, LLC
1550 Main Street, Suite 401
Springfield, MA 01103

*/s/ Douglas I. Louison*

Douglas I. Louison

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

JANE DOE,
Plaintiff

v.

TOWN OF STOUGHTON & JULIETTE MILLER,
Defendants

Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts
By: Deputy Clerk
Date: 05/21/2024

NOTICE OF REMOVAL

To: United States District Court
District of Massachusetts

The petition of the Defendants, Town of Stoughton and Juliette Miller with assent from the Plaintiff, assert:

1. On or about May 16, 2024, plaintiff commenced a civil action against the defendants in the Norfolk Superior Court of the Commonwealth of Massachusetts, County of Norfolk, entitled Jane Doe v. Town of Stoughton, et al, Norfolk Superior Court, Civil Action No. 2423CV00359. A copy of the Complaint is attached hereto.

2. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 42 U.S.C. Section 1983 and is one which may be removed to this Court by the defendants pursuant to the provisions of 28 U.S.C. Section 1441. This is an action alleging claims including those arising out of the Constitution of the United States.

3. Written notice of the filing of this Notice shall be promptly served upon the plaintiff's counsel and filed with the Clerk of the Norfolk Superior Court pursuant to 28 U.S.C. Section 1446(d).

4. Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, the defendants shall file certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries in the state court with this

Court.

**WHEREFORE,** petitioner respectfully prays that the action now pending against them in the Norfolk Superior Court of the Commonwealth of Massachusetts in and for the County of Norfolk be removed to the United States District Court for the District of Massachusetts.

Signed and sworn to under the penalties of perjury this 17th day of May 2024.

Defendants,

By their attorney,

/s/ Douglas I. Louison

Douglas I. Louison, Esquire (BBO #545191)
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
(617) 439-0305
dlouison@lccplaw.com

Date: May 17, 2024

**CERTIFICATE OF SERVICE**

I, hereby certify that on the 17 day of May 2024, the foregoing document was served via email to the following:

Robert A. DiTusa, Esquire
robert@alckmanditusa.com
Laura Mangini, Esquire
laura@alckmanditusa.com
Alckman DiTusa, LLC
1550 Main Street, Suite 401
Springfield, MA 01103

/s/ Douglas I. Louison

Douglas I. Louison