UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANE DOE,
    Plaintiff,

v.                                      CIVIL ACTION NO. 1:24-CV-11316-MPK

TOWN OF STOUGHTON and
JULIETTE MILLER,
    Defendants.

MEMORANDUM AND ORDER
ON PLAINTIFF, JANE DOE'S MOTION TO COMPEL FURTHER DISCOVERY
FROM DEFENDANT, TOWN OF STOUGHTON (#29.)

KELLEY, U.S.M.J.

    Plaintiff Jane Doe, a former student in Stoughton's public school system, brought this suit on May 16, 2024, in the Norfolk Superior Court, alleging four claims against the Town of Stoughton ("the Town") and one claim against Principal Juliette Miller ("Principal Miller") for their mishandling of plaintiff's sexual assault, bullying, and harassment. (#1.) The case was removed to this court on May 21, 2024. *Id.* The claims are based on violations of Title IX and state common law.

1

Plaintiff moves to compel responses to discovery requests from the Town. (#29.) Defendants[1] responded on February 11, 2025. (#31.) After careful review of the pleadings and the document requests, plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART.

I.      Background.

Facts are taken from the complaint. When plaintiff was thirteen years old and a seventh grader at O'Donnell Middle School in Stoughton, she was in a dating relationship with another student, B.Z. (#1-3 ¶ 22.) In May of 2019, B.Z. forcibly raped her ("the incident"), then told her not to tell anyone about what had happened. *Id.* ¶¶ 23, 24. Plaintiff ended the relationship a few months later in November of 2019. *Id.* ¶ 26. The middle school became aware of the incident when other students started to threaten B.Z., and the school's assistant principal notified the Stoughton Police Department School Resource Officer ("SRO"), Sheanna Isabel. *Id.* ¶¶ 28, 29. The SRO created an investigative report and forwarded it to the Stoughton District Attorney's Office, and filed a 51A complaint with the Department of Children and Families. *Id.* ¶ 30. Plaintiff alleges that part from these actions by the SRO, the school handled the incident by forcing her to remain in the guidance office during school days. *Id.* ¶ 32. In contrast, the school never disciplined B.Z. or otherwise required his removal from school activities. *Id.* ¶ 33.

When plaintiff started at Stoughton High School ("Stoughton High"), things got worse. Friends of B.Z. and other students started to turn on plaintiff. She was called names, such as "whore," "slut," and "liar," and was taunted by students who told her that "she wanted [the sexual conduct]" and who asked if they "could have a piece of her." *Id.* She was sent inappropriate videos and photos by other students and faced other forms of harassment while at school. *Id.* ¶¶ 35-41. One of the worst perpetrators of such harassment was K.O., B.Z.'s then girlfriend, who filed false

---

[1] Both defendants oppose the motion to compel although it is only directed to the Town. (*See* #31.)

claims of bullying against Jane Doe with the school. *Id.* ¶ 75. Plaintiff repeatedly reported such harassment to Stoughton High. *Id.* ¶ 77. Juliette Miller, the principal at Stoughton High at all times relevant to this action, refused to engage with plaintiff or her family regarding her complaints. *Id.* ¶¶ 51, 52. Principal Miller diverted plaintiff's complaints to the Assistant Principal Michael O'Neil, who dismissed plaintiff's allegations, telling her to "let it go" and "be the bigger person." *Id.* ¶¶ 52, 54.

In September 2021, B.Z. was charged with four felonies related to the rape of Doe. *Id.* ¶ 43. Plaintiff's mother met with Principal Miller and the town's lawyer to discuss whether B.Z. and plaintiff could remain at the same school. *Id.* ¶ 63. Principal Miller said that she had not received any official paperwork from the Stoughton police related to the charges, so B.Z. was allowed to remain at school. *Id.* ¶ 64. Defendants never spoke to plaintiff to investigate these allegations. *Id.* ¶ 56. Her harassment and bullying continued and the students involved were never punished. *Id.* ¶¶ 59, 60. Plaintiff was never provided options or resources for support. *Id.* ¶ 31. Instead, she contends that defendants' inaction in response to her complaints caused her education to suffer and her mental and physical health to deteriorate severely. *Id.* ¶¶ 79, 80. In September 2022, B.Z. was convicted of one count rape of a child with force and two counts indecent assault and battery on a child under the age of fourteen. *Id.* ¶ 72.

Stoughton Public Schools have long had policies in effect that are meant to prevent bullying and harassment, including a policy of investigating all complaints of sexual or bias-related harassment and taking appropriate action against anyone found in violation of this policy. *Id.* ¶¶ 12, 13. In particular, the town's policies and procedures require the Stoughton High Civil Rights Representative, Principal Miller in this instance, to receive and respond promptly to reports of civil rights violations within the school community, put a stop to ongoing discrimination and

harassment, refer victims to support services and resources, and to take remedial, disciplinary, and preventative actions regarding such reports. *Id.* ¶ 14 (citing the SPS Civil Rights Representatives Guidelines).

Plaintiff brings this action against two defendants who were responsible for handling the incident, its aftermath, and for her safety while in school. Against the Town, plaintiff alleges (I) violation of its duty of assuring student safety; (II) negligent infliction of emotional damage; (III) violation of 42 U.S.C. § 1983 and the 14th Amendment; and (IV) violation of Title IX of the Education Amendments of 1972. Plaintiff alleges that Principal Miller violated 42 U.S.C. § 1983 and the 14th Amendment.

II.   Plaintiff's Motion to Compel (#29).

On August 12, 2024, the parties filed a Joint Motion for Protective Order (#15) to facilitate the production of documents in the litigation. (#30 at 2.) Plaintiff served defendant with Interrogatories and Requests for Production of Documents on August 13, 2024, and defendant provided responses to these requests on November 8, 2024, and answers to interrogatories on December 6, 2024. *Id.* On January 13, 2025, plaintiff requested a Local Rule 7.1 conference to urge defendant to supplement its Answers to Interrogatories Nos. 14 and 15, and Document Requests Nos. 2, 3, 8, 13, 14, 24, 25, 28, 33, 37, 38, and 40. *Id.* On January 14, 2025, the parties engaged in a discovery dispute conference. *Id.* On January 23, 2025, defendant agreed to supplement its answers to Interrogatories Nos. 14 and 15 but maintained its objections to the remaining requests. *Id.* at 3.

Plaintiff moves the court to compel the Town to provide full and complete responses to Document Requests Nos. 2, 3, 8, 13, 14, 24, 25, 28, 33, 37, and 38. (#1-3.) Defendant objects to the motion.[2]

III.   The Document Requests at Issue in this Motion.

The parties dispute the following Document Requests, the descriptions of which are taken from plaintiff's memorandum in support of the motion to compel (#30):

Document Request Nos. 2 and 3 seek complete copies of B.Z. and K.O.'s school files.

Document Request No. 8 seeks all documents, including but not limited to, emails, text messages, notes, correspondence, memoranda, or agendas concerning any meeting held by the School Board, School Committee, administrators, or other employees in connection with the allegations contained in the complaint.

Document Request Nos. 13 and 14 seek documents, including emails, text messages, notes, correspondence, or memoranda, concerning B.Z.'s sexual harassment and K.O.'s bullying of students other than Jane Doe.

Document Request Nos. 24 and 33 seek all documents concerning complaints or reports of sexual harassment against students in the school district, from January 1, 2016, to the present.

Document Request No. 25 seeks all complaints, reports, statements, notes, observations, investigative materials, conclusions, and/ recommendations regarding any and all student-against-student sexual harassment from January 1, 2016, to the present.

Document Request No. 28 seeks all documents, including but not limited to, emails, text messages, notes, correspondence, memoranda, or agendas related to: (a) Jane Doe; (b) B.Z.; (c) K.O.; (d) any other student-victim of B.Z.; (e) reports or complaints of student-on-student sexual harassment,

---

[2] Defendant admits that privilege is not an issue.

sexual assault, sexual battery, sexual violence, inappropriate touching, sexual misconduct, or Title IX; (f) training or education on student-on-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, sexual misconduct, or Title IX; or (g) policies regarding student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct.

Document Request No. 37 seeks all documents, including but not limited to, correspondence and communications concerning law enforcement, or any other state, municipal, or federal agency or entity's investigation of any incident(s) of student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching or sexual misconduct in the District, including but not limited to, B.Z.'s sexual harassment against Jane Doe or any other student.

Document Request No. 38 seeks non-privileged documents concerning any state or federal lawsuit filed against the School District in connection with allegations of violation of Title IX, or student-on-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate or sexual misconduct from the 2015-2016 school year to the present.

 IV. Relevant Law.

  a. *Fed. R. Civ. P. 26*

Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain discovery that is nonprivileged, relevant to a party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). To determine whether this standard is met, courts may consider the importance of the issues, the amount in controversy, the parties' access to relevant information, the parties' resources, the importance of the discovery to resolving the case, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*

"[B]ecause 'discovery itself is designed to help define and clarify the issues,' the limits set forth in Rule 26 must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Martin v. Evans*, No. 16-cv-11362-PBS, 2018 WL 10247394, at *1 (D. Mass. Feb. 6, 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Yet, liberal discovery is not boundless discovery. The court must impose limits if it finds, for example, that the information a party seeks is unreasonably cumulative or duplicative or that it can be obtained from another source that is more convenient or less burdensome or less expensive. Fed. R. Civ. P. 26(b)(2)(C).

Discovery is also limited by the privacy interests of any third parties that may be implicated by the disclosure of the materials. The Family Educational Rights and Privacy Act of 1974 ("FERPA") prohibits educational institutions from disclosing "personally identifiable information" in a student's records without consent. 20 U.S.C. § 1232g; 34 C.F.R. § 99.30-31. However, FERPA has a "litigation exception" which permits disclosure pursuant to a judicial order or subpoena, provided that the institution makes a reasonable effort to notify the parents or students in advance. *Smith v. Brown Univ.*, 695 F. Supp. 3d 246, 250 (D.R.I. 2023).[3] "If a party fails to produce documents . . . as requested under Rule 34," the requesting party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a).

  b. *Title IX*

---

[3] The applicable regulation states, in relevant part:
> (9)(i) The disclosure is to comply with a judicial order or lawfully issued subpoena.
> (ii) The educational agency or institution may disclose information under paragraph (a)(9)(i) of this section only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action. . .

34 C.F.R. § 99.31.

Title IX provides that "'[n]o person … shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.'" *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 280 (1998) (quoting 20 U.S.C. §1681(a)); *Davis v. Monroe Cnty. Bd. Of Educ.*, 526 U.S. 629, 650 (1999). The Supreme Court has endorsed two theories as to how such harassment can constitute sex discrimination in the school context, one of which is the "hostile environment theory." *Wills v. Brown Univ.*, 184 F.3d 20, 25 (1st Cir. 1999). This theory is applicable where the acts of sexual harassment are sufficiently severe to interfere with the school opportunities normally available to the students. *Id.* Under this theory, the institution or official who has authority to address the conduct must have had actual knowledge of the harassment and exhibited deliberate indifference to it. *Id.* at 26 (citing *Gebser,* 524 U.S. at 285-89). Plaintiff argues the need for the requested documents under the hostile environment theory of Title XI.

V.   Discussion.

a.   *Document Request Nos. 2, 3, 8, 13, 14, and 28.*

In these requests, plaintiff is seeking third-party "education records" as defined by FERPA, 20 U.S.C. 1232g(b)(3), (b)(5) and 34 C.F.R. 99.3. "FERPA establishes a 'higher burden' for the party seeking discovery of educational records." *Smith*, 695 F. Supp. 3d at 250 (citing *Ellis v. Cleveland Mun. School Dist.*, 309 F. Supp. 2d 1019, 1023 (N.D. Ohio 2004)). Plaintiff's argument in support of her need for these sensitive records centers on her Title IX claim. She contends that B.Z. and K.O.'s records will provide necessary color to her hostile environment claim, as any disciplinary history will show defendants' knowledge of, and indifference to, the continued behavior. (#30 at 4.)

8

The court finds that plaintiff has met FERPA's high burden as to Document Request No. 8 but only as it relates to the alleged assault by B.Z. and the aftermath of the incident, and as to Request Nos. 2 and 3 but only as they relate to B.Z.'s prior sexual harassment incidents and K.O.'s prior incidents of bullying, if any. The court finds that these requests may produce information relevant to plaintiff's claims and are sufficiently limited to the specific students and to specific records in their educational records as to not be disproportionate. However, the court imposes the following limitations on the documents produced in order to protect this sensitive information. As to Request Nos. 2 and 3, as an initial matter, defendant must disclose to plaintiff if there are any records of this kind. If there are, the court orders their disclosure for attorney's eyes only. If after looking at these records, further information is needed, the plaintiff may follow up with the court to request additional materials.

Document Request Nos. 13 and 14 are overly broad. Plaintiff has not met her burden of showing the need for this extensive request.

The court finds that plaintiff has met her burden only in part as to Document Request No. 28. This request has six parts. Parts A, B, C, D, and E are seeking education records which are overly broad. However, parts F and G, seeking training or education policies may be relevant to plaintiff's claims. The court orders F and G to be produced but limits the request to training and policies from 2020 to the present. If further information is learned about policies which predate this time frame, plaintiff may follow up with the court to request additional records.

b. *Document Request Nos. 24, 25, and 33.*

In these requests, plaintiff is again seeking highly sensitive records. The court finds that plaintiff has shown the need for these records with some limitations. For Document Request Nos. 24 and 33, the court orders defendant to produce only reports or complaints - not all related

9

documents -detailing sexual harassment against students in the high school - not the entire School District -from January 1, 2020 - not from 2016. The scope of plaintiff's requests was overly broad, but the court finds these adjustments make the request sufficiently proportionate, while allowing plaintiff to obtain relevant material. If further information is learned about events which predate this time frame, plaintiff may follow up with the court to request additional records.

As for Document Request No. 25, the court finds that Document Requests Nos. 24 and 33 cover the information sought here to the extent the court would allow this request. Therefore, Document Request No. 25 is denied.

c. Document Request No. 37

This request concerns law enforcement records, rather than the sensitive student records discussed above. The court finds this request to be relevant and proportional but limits it to documents related to the listed offenses and to B.Z.'s sexual harassment against Jane Doe only. The court removes the language "including but not limited to" B.Z.'s sexual harassment against Jane Doe and the language following "Jane Doe," "or any other student." These limitations should allow plaintiff to obtain all relevant information.

d. Document Request No. 38

This request concerns public records of lawsuits against the Stoughton School District. The court finds such records to be relevant to this litigation but limits the scope of the request slightly to ensure its proportionality. Rather than producing all documents concerning Title IX and student-on-student sexual misconduct from the 2015-2016 school year to present, defendant need only produce records for the time period 2020 to present. The court also limits the information required for production to case names and the corresponding court docket numbers. As to plaintiff's specific request for documents related to *Doe v. Town of Stoughton, Juliette Miller, and Marguerite Rizzie*, 1:17-CV-12337-IT, the court finds this request to be overly broad, as this case dates back almost

ten years, the requested statements are expansive and burdensome to produce, and plaintiff already has the full name and corresponding court for this 2017 case.

VI.     Conclusion.

For the reasons stated, plaintiff's motion to compel further discovery from the Town is GRANTED IN PART and DENIED IN PART. Regarding discovery of students' records, in light of FERPA's requirement that the parents be notified and given time to object, the court allows defendants fourteen days from the date of this Order to provide notice to the parents and allows ten days after that for the parents to object. If no objections are made, the defendants must produce all documents within the following three weeks.

February 21, 2025                                        /s/ M. Page Kelley
                                                                   M. Page Kelley
                                                                   United States Magistrate Judge