**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF STOUGHTON &,<br>JULIETE MILLER<br><br>Defendants. | ) | Civil Action No. 24-11316-MPK |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PERMIT LIMITED DISCLOSURE OF JUVENILE RECORDS PURSUANT TO MASS. GEN. LAWS CH. 119. § 60A**

The Norfolk District Attorney's Office ("NDAO") hereby submits this memorandum in opposition to Plaintiff's "Motion to Permit Limited Disclosure of Juvenile Records Pursuant to G.L. c. 119, § 60A" that Plaintiff filed with this Court on March 21, 2025. The juvenile case Plaintiff is referring to is Commonwealth v. B.Z., where B.Z. was convicted of one count of rape of a child with force and two counts of indecent assault and battery on a child under the age of fourteen in September 2021.[1] Plaintiff was the victim in the underlying juvenile matter. Plaintiff's motion asks this Court to permit Plaintiff's attorney to inspect, and obtain copies of, any statements (or transcripts thereof) made by Plaintiff, B.Z., and/or K.O. (the juvenile who B.Z. was dating at relevant times in the underlying juvenile matter), any social media evidence

[1] For purposes of this memorandum of law, the NDAO draws its factual and procedural background information from Plaintiff's complaint and Defendants' answer thereto. Thus, nothing herein concerning the factual or procedural background of this matter should be construed as confirmation that any allegation or admission by either side is supported by records in the NDAO's possession.

(such as Snapchat or Instagram screenshots), which demonstrates harassment and/or bullying, and any communications with Defendants, contained in the NDAO's file.

As a preliminary matter, Plaintiff's motion should be denied because the NDAO is a non-party and a motion for discovery is not the proper mechanism for seeking disclosure of a non-party's records. Additionally, the motion should be denied because, as noted by Plaintiff in her motion, the records in question are under a protective order due to the specific protections afforded to records in Juvenile Court proceedings under Mass. Gen. Laws ch. 119. If Plaintiff wishes to obtain these records, she should first file a motion with the Juvenile Court requesting relief from that court since records of its proceedings and its protective order are at issue.

## I. BACKGROUND

In November of 2019, Plaintiff and B.Z. were eighth grade students at O'Donnell Middle School in Stoughton, Massachusetts. Doc. No 4-1 at 1-2, 4; Doc. No. 5 at 1, 3.[2] During that month, a report was prepared and filed with the Department of Children and Families ("DCF") regarding an incident involving Plaintiff and B.Z. Doc. No. 4-1 at 4; Doc. No. 5 at 4. At this time, and at all times relevant to this case, Defendant Juliette Miller ("Miller") served as the principal of Stoughton High School. Doc. No. 4-1 at 1; Doc. No. 5 at 1.

On September 2, 2021, Plaintiff began her sophomore year at Stoughton High School. Doc. No. 4-1 at 5; Doc. No. 5 at 4. B.Z. was also a sophomore at Stoughton High School at the time. Id. That same month, there was an occasion in which Plaintiff left her class and called her parents. Id. After Plaintiff's parents called the school, the school changed Plaintiff's schedule so that she would not be in any of the same classes as B.Z. Id. B.Z. was subsequently charged with four felonies related to the rape of Plaintiff: one count of rape of a child with force; two counts of

[2] References to documents filed in this Court will be made as Doc. No. __ at [page].

indecent assault and battery on a child under the age of fourteen; and, one count of intimidation of a witness. Id.

In December of 2021, Plaintiff's mother met with Defendant Miller and the Town's lawyer. Doc. No. 4-1 at 7; Doc. No. 5 at 5. During that meeting, Defendant Miller informed Plaintiff's mother that, although the school was verbally told by the Stoughton Police Department that B.Z. had been charged, the school had not received any official paperwork, and therefore, B.Z. was allowed to remain in school. Doc. No. 4-1 at 8; Doc. No. 5 at 6.

On September 13, 2022, B.Z. was convicted of one count of rape of a child with force and two counts of indecent assault and battery on a child under the age of fourteen. Id.

In May of 2024, Plaintiff filed a complaint in this Court against the Town of Stoughton and Defendant Miller for compensatory damages. Doc. No. 1-5; Doc. No. 4-1. The complaint is based upon alleged violations of Title IX of the Education Amendments of 1972, 42 U.S.C. § 1983. Doc. No. 4-1 at 1. The complaint alleges that Defendants failed to protect Plaintiff and acted negligently in addressing Plaintiff's allegations of rape by B.Z., and in handling the bullying and harassment Plaintiff suffered during school hours by B.Z., and B.Z.'s friends and teammates. Id.

On or about October 9, 2024, the NDAO was informed by Plaintiff's counsel that Plaintiff planned to file a motion with this Court to obtain records in the NDAO's file related to the underlying state Juvenile Court matter. Doc. No. 45 at 1. On October 11, 2024, undersigned counsel was assigned to represent the NDAO in the instant matter. Id. Upon reaching out to the NDAO about obtaining the NDAO's file, undersigned counsel learned that many of the documents were under a protective order. Id. at 1-2. The NDAO and the Attorney General's Office's ("AGO") subsequently took steps that would allow counsel to view the NDAO's file for

the limited purpose of representing the NDAO in this federal matter. Id. at 2. On March 28, 2025, the Juvenile Court granted counsel permission to view the NDAO's entire file, including any documents previously subject to impoundment, for the limited purpose of representing the NDAO in this matter. Id.

On March 21, 2025, meanwhile, Plaintiff's counsel filed a motion to permit disclosure of the juvenile records and a supporting memorandum in this Court. Doc. Nos. 35, 36. The NDAO has been granted until May 4, 2025 to respond to Plaintiff's motion. Doc. No. 46.

## II. ARGUMENT

Plaintiff's motion should be denied because the NDAO is a non-party and has not been served with a subpoena as required by Fed. R. Civ. P. 45. However, even if this Court determines that Plaintiff can seek disclosure of the NDAO's records by way of a motion rather than subpoena, this Court still should deny Plaintiff's motion because the documents that Plaintiff seeks are presently under a Juvenile Court protective order and cannot be disseminated without permission from that court. Plaintiff, therefore, should be required to move in the Juvenile Court for access to the documents or materials at issue, at least in the first instance.

### A. Plaintiff's motion should be denied because the appropriate avenue for seeking disclosure of records from a non-party in a civil action is through a subpoena.

As a threshold matter, Plaintiff's motion should be denied because a motion for disclosure of records is not the proper means to obtain documents from a non-party. Plaintiff should have instead sought discovery pursuant to a subpoena under Fed. R. Civ. P. 45. See, e.g., Parks v. Abdur-Rahman, No. 219CV01589KJMJDPPC, 2021 WL 3268850, at *1 (E.D. Cal. July 30, 2021) (unpublished) ("To obtain discovery from a non-party, plaintiff must seek issuance of a subpoena and demonstrate that the information sought cannot be obtained from defendants through discovery."); Andra Grp., LP v. JDA Software Grp., Inc., 312 F.R.D. 444, 447 (N.D.

Tex. 2015) ("Federal Rule of Civil Procedure 45 explicitly contemplates the use of subpoenas in relation to non-parties and governs subpoenas served on a third party . . . as well as motions to quash or modify or to compel compliance with such a subpoena." (Quotation omitted.)); United States v. 2121 Celeste Rd. SW, Albuquerque, N.M., 307 F.R.D. 572, 586 (D.N.M. 2015) ("courts have denied motions to compel non-parties to produce information where the moving party did not first attempt to subpoena the information that it sought to compel"); Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc., No. 06-CV-11314, 2014 WL 5421237, at *4 (E.D. Mich. Oct. 22, 2014) (unpublished) (denying plaintiff's motion to compel discovery where there was no evidence that the plaintiff had complied with the first step of seeking discovery by serving a subpoena on the non-party) ; Credit Suisse Sec. (USA) LLC v. Nash, No. 14-80392-CV, 2014 WL 12585650, at *1 (S.D. Fla. Oct. 3, 2014) (unpublished) ("The appropriate procedure to compel a non-party to produce documents is to serve the non-party with a subpoena as set forth in Rule 45. Fed. R. Civ. P. 45. After the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena, the Court may consider a motion to compel (1) the entity to produce the documents pursuant to Rule 45; or (2) the party to execute appropriate releases."); Frazier v. Redding Police Dept., No. CIV S–11–1351 GGH P, 2012 WL 5868573, * 7–8 (E.D. Cal. Nov.19, 2012) (unpublished) (motion to compel non-party to provide documents not proper in the absence of appropriate service of a non-party subpoena in accordance with Fed. R. Civ. P. 45(b)(1)); Smith v. Fla. Dep't of Corr., 369 F. App'x 36, 38–39 (11th Cir. 2010) (unpublished) (holding that the district court did not abuse its discretion when it denied the plaintiff's motion to compel a non-party to produce information without plaintiff having followed Fed. R. Civ. P. 45). If Plaintiff wishes to obtain records from the NDAO, Plaintiff must first serve the NDAO with a subpoena. At that point, the NDAO would be able to properly raise objections and assert

applicable privileges before disclosing documents. Because that step has not been taken, Plaintiff's motion ought to be denied.

**B. The materials that Plaintiff seeks cannot be disclosed because Plaintiff has not first sought relief from the protective order in the state courts.**

Even assuming this Court finds that Plaintiff can seek discovery from the NDAO via a motion rather than a subpoena, Plaintiff's motion should be denied because Plaintiff is requesting that the NDAO produce records in its possession that are restricted and has not first sought relief in the state courts.

Under Massachusetts law, juvenile proceedings in general, as well as the related records, are subject to substantial protections. "Juvenile proceedings are not accessible to the public." Commonwealth v. Gavin G., 437 Mass. 470, 473, 772 N.E.2d 1067, 1070 (2002), citing Mass. Gen Laws ch. 119, § 65. "Nor does the public have access to court records in a juvenile delinquency case." Id., citing Mass. Gen Laws ch. 119, § 60A. Further, the Juvenile Court, by its own Standing Order 1-84, has provided that all case records and reports of the Juvenile Court are confidential, that those materials are the property of the Juvenile Court, and that only a justice of the Juvenile Court may authorize their release. Juvenile Court Department, Standing Order No. 1-84, available at Juvenile Court Records and Reports, https://www.mass.gov/juvenile-court-rules/juvenile-court-standing-order-1-84-juvenile-court-case-records-and-reports (last accessed May 1, 2025). See George W. Prescott Publishing Co. v. Register of Probate for Norfolk County, 395 Mass. 274, 276-77 (1985) (courts possess the inherent authority to control access to records in their custody.). Standing Order No. 1-84 also provides that "[r]eports loaned to or copied for attorneys of record, or such other persons as the court may permit, shall be returned to the court after their use or at the conclusion of the litigation." Thus, if there are copies of pleadings that were filed in the Juvenile Court or orders

that were issued by the Juvenile Court in a district attorney's file, those records may also be covered by this protective order. Moreover, in this case specifically, the Juvenile Court has expressly ruled that the juvenile records in the NDAO's file shall not at this time be disseminated to any parties beyond NDAO's counsel.

In a recent case in the District of Massachusetts, another member of this Court granted a motion to quash a subpoena served on the Middlesex Juvenile Court (a third party in the case) because plaintiffs had not first petitioned the Juvenile Court, pursuant to Rule 7 of the Uniform Rules on Impoundment Procedure to unseal the records they sought. Sabey v. Butterfield, No. CV 23-10957-PBS, 2025 WL 1043437, at *1-*2 (D. Mass. Apr. 8, 2025) (unpublished). In granting the motion to quash, the Court noted that "'every court has supervisory power over its own records and files . . .'" id. at *2, quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1977), and that "[w]hen confronted with a motion regarding access to sealed state court records, federal courts have recognized the 'sensitive issues of comity and federalism' raised by such a request." Sabey, 2025 WL 1043437, at *2, quoting Resolution Trust Corp. v. Castellet, 156 F.R.D. 89, 92 (D.N.J. 1994). Thus, "courts have generally required a party seeking sealed state court records pursuant to a subpoena to first petition the court holding such records." Sabey, 2025 WL 1043437, at *2, citing Resolution Trust Corp., 156 F.R.D. at 96 (federal district court should give full faith and credit to state court's decision denying application to unseal criminal records that were originally sealed, pursuant to state statute, following dismissal of indictment; as matter of comity, court could not exercise its subpoena enforcement powers to effectively reverse state court's ruling.); Wilfong v. City of Boise, No. 1:21-cv-298-BLW, 2022 WL 1912218, at *3 (D. Idaho, June 3, 2022) (unpublished) (quashing

subpoena for sealed state-court records and noting that plaintiff should file a motion to unseal the records by following procedures set forth in the state court's decision).

The same reasoning that applied in Sabey applies here. The proper procedure to obtain copies of sealed and/or impounded court records, at least as a first step, should be to move the court that sealed/impounded the records—here, the Massachusetts Juvenile Court. See Dushkin Publ'g Group, Inc. v. Kinko's Serv. Corp., 136 F.R.D. 334, 335-336 (D.D.C.1991) (as a matter of comity, the court respected the district court that entered a protective order and instructed the plaintiff to request documents through that district court). Not only is the Juvenile Court more familiar with the underlying case, but the Juvenile Court will also be able to shed light as to which documents in the NDAO's file it considers to be court records. Moreover, the Juvenile Court has special experience and expertise with the complicated web of state statutes, rules, and standing orders (and its own protective orders) that may affect whether and how the requested records and materials may be released. In light of these considerations of practicality and comity, this Court should order Plaintiff, at least first, to seek relief in the Juvenile Court before asking this federal court to intrude on the state court's authority by ordering the NDAO to disclose documents subject to the Juvenile Court's protective order and state law.

This procedure is also consistent with how the federal courts have ruled in cases involving subpoenas seeking state grand jury transcripts, which, like the records at issue here, are generally protected from disclosure by state laws and rules. See, e.g., Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 357 (3d Cir. 2003) ("Principles of comity and federalism demand that a district court presented with a request to compel the disclosure of any matter occurring before a Pennsylvania investigating grand jury should direct the party to first formally petition the judicial officer who possesses the supervisory authority to grant or deny such access.

Accordingly, a party seeking such state grand jury testimony should first present his request to the appropriate state judicial officer."); Sieff v. Juell, No. 15-CV-419 (PAM/LIB), 2016 WL 1626265, at *5 (D. Minn. Mar. 8, 2016) (unpublished) ("Nearly all courts that have considered the issue have come to the conclusion that principles of comity require a federal court to require a party seeking access to State grand jury transcripts for use in the federal proceeding to first present its request to the State court that conducted the State grand jury proceedings."), aff'd, 2016 WL 1610602 (D. Minn. Apr. 21, 2016); Harewood v. Braithwaite, No. 09-CV-2874 PKC RML, 2013 WL 3863905, at *1 (E.D.N.Y. July 23, 2013) (unpublished) ("The overwhelming majority of precedent within this circuit supports the proposition that the appropriate process is for a movant to first seek relief in state court, regardless of whether an order unsealing grand jury minutes is ultimately proper."); Cherry v. Rodenburg, No. 04-CV-1902, 2008 WL 4610302, at *2 (E.D.N.Y. Oct 15, 2008) (unpublished) (similar); Brunson v. City of Dayton, 163 F. Supp. 2d 919, 923 (S.D. Ohio 2001) (quashing subpoena where party seeking state grand jury materials failed to request those materials from state courts).

Any suggestion by Plaintiff that there is no available state-level mechanism would be unfounded. Massachusetts Trial Court Rule VIII: Uniform Rules on Impoundment Procedure provides:

> Any party or interested nonparty may file a motion supported by affidavit for relief from impoundment or for release of material required to be impounded pursuant to a statute, court rule, standing order, or case law, except where a different procedure is otherwise provided. The procedures set forth in these rules shall govern requests for relief from impoundment to the extent practicable.

Trial Court Rule VIII, Rule 11. The Committee Notes on Rule VIII state that "[r]elief from an impoundment order shall be sought in the first instance in the Trial Court Department where the matter originated." Trial Court Rule VIII, Rule 10 Committee Notes (emphasis added.).

Further, Mass. Gen Laws ch. 119, § 60A states that Juvenile Court records should be "withheld from public inspection except with the consent of a justice of such court." Plaintiff has not claimed to have sought relief from impoundment in the Juvenile Court on this basis or any other, much less that she was unsuccessful.

For the foregoing reasons of practicality and comity, the Juvenile Court should be afforded the first opportunity to review Plaintiff's request and rule before Plaintiff asks this Court to order the disclosure of documents that are protected by the Juvenile Court.[3]

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for disclosure should be denied.

Respectfully submitted,

ANDREA JOY CAMPBELL
Attorney General

*/s/ Tara L. Johnston*
Tara L. Johnston (BBO #658879)
Assistant Attorney General
Appeals Division
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2677
tara.johnston@mass.gov

Dated: May 3, 2025

[3] Because documents and materials in the NDAO's possession are shielded from disclosure by operation of state law and a state-court order, the NDAO cannot, and has not, described them herein in connection with the assertion of particular privileges or protections. The NDAO does not waive any such privileges or protections.

## CERTIFICATE OF SERVICE

I hereby certify that today, May 3, 2025, I served a copy of the above-referenced document by electronic mail to all interested parties:

Laura D. Mangini, Esq., BBO# 649218
Alekman Ditusa, LLC,
1550 Main Street, Suite 401
Springfield, MA 01103
laura@alekmanditusa.com

Douglas I. Lousion, Esq.
Louison, Costello, Condon, & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109
dlouison@lccplaw.com

Kelli Porges
Iglehart & Porges
55 Union Street, 3rd Floor
Boston, MA 02108
kelli@iglehartandporges.com

Respectfully submitted,

*/s/ Tara L. Johnston*
Tara L. Johnston (BBO #658879)
Assistant Attorney General